Dalton, et al. v. Bank of St. Louis, et al.

———o———

Pauline Dalton, *et al.*, Respondents, *vs.* Bank of St. Louis, *et al.*, Appellants.

1. *Ejectment—Possession—Limitation.*—Open, notorious, peaceable, continuous and adverse possession of land for twenty years will give a title that will authorize a recovery in ejectment.

2. *Acknowledgment—Deed with defective—Adverse possession.*—A deed, notwithstanding a defective acknowledgment, is good between the parties. It would constitute color of title, and enable persons in possession of land to avail themselves of title by adverse holding.

*Appeal from St. Louis Circuit Court.*

*C. C. Whittelsey,* for Appellants.

*Cline, Jamison & Day and B. A. Hill,* for Respondents.

Wagner, Judge, delivered the opinion of the court.

A careful examination of the record has convinced us, that, the only question in this case is the statute of limitations.

The action was ejectment to recover a strip of land six feet in width off from a lot on Third street, in the city of St. Louis.

The plaintiffs' claim was finally based on prescription, and on this sole issue, the cause was submitted by them to the court. We will not discuss the evidence. The facts were for the triers, and the only thing with which we are concerned, is, did the court submit the cause under correct propositions of law? The trial was by the court without the intervention of a jury, and on behalf of the plaintiffs, the following declaration was given:

"If the court finds from the evidence in the case, that plaintiffs and those under whom they claim and derive title, have had and held open, notorious, peaceable, continuous, adverse and quiet possession of the premises sued for, twenty years immediately preceding 1856 or 1857; and that the defendants, and those under whom they claim title or possession, first entered upon and took possession of the premises sued for in 1856 or 1857, and have held possession ever since, then the plaintiffs are entitled to recover."

For the defendants the court declared the law to be, " that if defendants, and those under whom they claim, have had adverse possession of so much of the premises described in the petition as is covered by the building of defendants, and said possession was open, notorious and hostile, under claim of title, and continuous for more than ten years prior to the institution of this suit, on February 27th, 1864, then the plaintiffs cannot recover the portion of said premises so covered by said building."

The court found for the plaintiffs.

The instructions on the question of possession for the statutory period of limitation given for both parties, are entirely unexceptionable.

The declaration given for the plaintiffs is in substance the same as one that was approved by this court in the case of

Schultz vs. Arnot (33 Mo., 172), and in that case it was distinctly held, that visible, notorious, continual and actual adverse possession of land, for the time limited by the statute, would give a title to land that would authorize a recovery in ejectment.

There is no force in the argument of defendants' counsel, that the plaintiffs' instruction assumes the facts in controversy. The instruction assumes nothing, but distinctly requires the facts to be found from the evidence. The evidence was ample to sustain the finding. It clearly appears that the persons under whom the plaintiffs claim, possessed the whole lot and had a deed therefor.

There was a defective acknowledgment to the deed, but that did not make it totally void. It was good as between the parties to it. It constituted color of title, and enabled those in possession to avail themselves of title by adverse holding. There was evidence tending to show, that the plaintiffs, or those under whom they claim, held possession of the whole lot from 1823 until 1856, when Anderson, under whom the defendants claim, broke down the fence they had erected and took possession of the strip in controversy. This evidence fully supported the verdict of the court, and we will, therefore, make no further inquiry.

The court gave for the defendants seven additional instructions and refused three, but under the view that we have taken of the case, we think they were wholly immaterial, and it is unnecessary to examine them. The issue made on the statute of limitations decides the whole case.

The judgment should be affirmed; the other judges concur, except Judge Adams, who did not sit.